HARRIS, J.
When the mother and father of the children involved in this action divorced, the parties were given shared parental responsibility with the father named primary residential parent. The father, a fireman, worked 24-hour shifts and during his absence his father, respondent herein, provided custodial care. When the children’s father died, the mother requested that the children come live with her. The grandfather refused to turn over custody of the children to the mother. This action followed.
Although the trial court determined that there was no evidence that the mother would be a detriment to the children, it found that it would be a detriment to the children to remove them from the grandfather, apparently because the children were going through a grieving process. We disagree and reverse.
The grandfather has no legal right to custody of the children. He was a part-time, voluntary custodian of the children during the absence of the natural father during the father’s lawful custody. Now the issue is whether the grandfather should be given lawful custody over the claim of the natural mother without a finding that awarding custody to the mother would somehow have a detrimental effect on the children. Here, the court found a detrimental effect in relocating the children to the mother not because of her shortcomings but because the children were experiencing grief over the loss of their father. This is simply insufficient to deny “the natural [mother’s] clear preference to custody over all others based upon the status of parenthood.” Richardson v. Richardson, 766 So.2d 1036, 1039 (Fla. 2000).
We reverse and remand for further action consistent with this opinion.
REVERSED and REMANDED.
THOMPSON, C.J., and GRIFFIN, J„ concur.